UNITED STATES DISTRICT OF SOUTH CAROLINA

DAVID A. LITTLE
PETITIONER

v.

UNITED STATES

RECEIVED
USDC CLERK, FLORENCE, SC

2013 JUN -1 A 10: 46

CASE NO.
10cr-00203-TLW

TERRY L. WOOTEN
U.S. DISTRICT JUDGE

DENIED 6-8-12

## MOTION FOR ABEYANCE OF THE FILING OF DEPIERRE CLAIM

**NOW COMES,** The Defendant, **David Little** humbly requesting that this Honorable Court allow the filing of Depierre claim be held in abeyance, due to the prior submissions relative:

In Depierre, the Court created a new substantive rule thatheld that "cocaine base" as used in the statue includes all forms of 'base cocaine meaning crack [processed with baking soda], free base [processed with ammonia], any other 'base' form of cocaine, as distinguished from cocaine hydrochloride [the typical power cocaine composition]. Therefore, going forward a District Court can only consider a penalty enhanced by section 841(b)(1)A)(iii) of the Controlled Substance Act of 1987.

In other words Depierre narrowed the scope of 21 U.S.C. 841 by interpreting the term "cocaine base" in 21 U.S.C. § 841(b)(iii) to decriminalize certain individuals who would otherwise have been aggravated violater under 841---it altered the class of persons that the law punishes". See Schriro, U.S. at 353, (there is no issue of retroactivity) See Dixon v. Miller, 293 F.3d 74, 79, 2nd Cir. 2002.

These substantive rules are applied retroactively because they "necessarily carry a significant risk that a defendant stands convicted of an act that the law does not makea criminal [or] faces a punishment that the law cannot impose upon him." **Schriro, 542 U.S. at 352. See Saffle v. Parks, 494 U.S. 484, 494, 1990.**

The one year window for the filing of a **Depierre Claim** is quickly closing as Depierre was decided on June 9, 2011. **See Dodd v. United States, 545 U.S. 353, 354-55, 2005.**

**THEREFORE,** the said Defendant humbly ask that this motion be granted and time clock be stopped until all relative submissions relating to Defendant's