IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| David Antonio Little, Jr., | ) | Civil Action No. 4:11-3554-TLW |
| | ) | Cr. No. 4:10-203 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| The United States of America, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter comes before the Court for consideration of the pro se motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 filed by the Petitioner, David Antonio Little, Jr., (hereinafter "Petitioner" or "Defendant").

On February 23, 2010, a federal grand jury returned a single count Indictment against Petitioner and a number of co-defendants. (Doc. # 1). On April 2, 2010, an Information pursuant to 21 U.S.C. § 851 was filed. On October 4, 2010, Petitioner pled guilty to one count of conspiring to distribute 5 grams or more of crack cocaine, which was a plea to a lesser included offense. On May 18, 2011, Petitioner was sentenced to 120 months imprisonment. The Court entered the judgment on May 31, 2011. Petitioner did not file an appeal.

Thereafter, on December 1, 2011, Petitioner, proceeding pro se, filed the current motion under 28 U.S.C. § 2255. (Doc. # 505). On December 7, 2011, the Defendant filed additional documents in support of his § 2255 Petitioner. On January 27, 2012, the Government filed a motion for summary judgment and a supporting memorandum in opposition to Petitioner's petition. (Docs. # 545 & # 546). Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Petitioner was

1

advised by Order filed January 31, 2012 that he had thirty-four days to file any material in opposition to the Government's motion. (Doc. # 548). Petitioner filed a response on July 12, 2012.[1] (Doc. # 581). The matter is now ripe for decision.

## 28 U.S.C. § 2255

Title 28, Section 2255 of the United States Code provides that a prisoner in custody under sentence of a federal court may file a motion in the Court which imposed the sentence to vacate, set aside, or correct the sentence. The statute states four grounds upon which such relief may be claimed: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law, and (4) that the sentence is otherwise subject to collateral attack. 28 U.S.C.A. § 2255. "Generally, 28 U.S.C. § 2255 requires [a] petitioner to prove by a preponderance of the evidence that 'the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law.'" Leano v. United States, 334 F. Supp. 2d 885, 890 (D.S.C. 2004). In Leano, the District Court noted that this is "the proof needed to allege a constitutional error," and that "[t]he scope of review of non-constitutional error is more limited than that of constitutional error; a non-constitutional error does not provide a basis for collateral attack unless it involves 'a fundamental defect which inherently results in a complete miscarriage of justice,' or is 'inconsistent with the rudimentary demands of fair procedure.'" Leano,

---

[1] The Court notes that On February 27, 2012, Petitioner filed a motion for an extension of time to file his reply to the Government's motion for summary judgment. As some six months have passed since the filing of this motion, and a Reply has now been filed, the Court finds this motion to be **MOOT**. (Doc. # 559).

334 F. Supp. 2d at 890 (quoting United States v. Mikalajunas, 186 F.3d 490, 495-96 (4th Cir. 1999)).

In deciding a 28 U.S.C. § 2255 motion, the Court need not hold a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. The Court has thoroughly reviewed the motions, files, and records in this case, liberally construing Petitioner's pro se motion, and finds that no hearing is necessary.

## STANDARD OF REVIEW

The Government has moved for summary judgment as to all grounds raised by Petitioner. (Doc. # 545). In examining a motion for summary judgment, the Court must determine whether there exists a genuine issue of material fact. Fed. R. Civ. P. 56. Of course, a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of genuine issues of material fact. Celotex Corporation v. Catrett, 477 U.S. 317, 323; see also, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249. Though this initial responsibility rests with the moving party, when a motion for summary judgment is made and supported as provided in Rule 56, the non-moving party must produce "specific facts showing that there is a genuine issue for trial," rather than resting upon bald assertions contained in the pleadings. See Celotex, 477 U.S. at 324. Thus, the plain language of Rule 56 mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue of material fact," since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders

all other facts immaterial. The moving party is "entitled to judgment as a matter of law" because the non-moving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof. Celotex, 477 U.S. at 322-23 (1986).

## DISCUSSION

In his initial position, Petitioner asserts a single ground for relief set forth verbatim as follows:

1.    Pursuant to the Fair Sentencing Act of 2012, the imposition of sentence was dehors [sic] that authorized by law.
    Petitioner, David Little, Jr. was convicted by a plea of guilty to the charge of conspiracy to distribute 5 grams or more of cocaine base, October 4, 2011.  Despite the fact that the law does not punish such a crime, (due to the FSA), the district court still imposed it's sentence based on the 5 gram or more penalties.  But under the FSA, the terms apply to defendants who committed their offense before, August 3, 2010, but were sentence thereafter, e.g. United States v. Rojas, 645 F.3d 1234 (CCA 11th Cir. 2011).  Because the court was expressly without the authority to impose a penalty that the law does not authorize, § 2255 ¶ (a), Mr. Littel [sic], Jr. is entitled to be resentenced to a term consistent with the Fair Sentencing Act of 2010, and moves the court by statement of the provisions of § 2255 ¶ (a) for resentencing as law and justice require.

In his supplemental filing, Petitioner also asserts the following claims:[2]

2.    My counsel was ineffective for not having the indictment dismissed, an indictment is not sufficient if it does not state all the allegations of necessiy [sic] to punish the individual for the crimes.

3.    Counsel was uneffective [sic] for challenging the conspiracy charge.

4.    My counsel was uneffective [sic] by not challenging the statements of the government witnesses against me.  This fact violated my Sixth Amendment in any fact not proven by a jury, and not proveable should not have been used against me at sentencing.

5.    My Due Process of the Law in the Fifth Amendment was violated because with this indictment I was not able to defend myself against the charges against me, and I was held to answer and sentenced to statements that were not in the indictment.

---

[2]In his Reply to the Government's Motion for Summary Judgment, Petitioner also appears to raise a claim pursuant to Carachuri-Rosendo v. Holder, 130 S. Ct 2577 (2010) and United States v. Simmons, 649 F.3d 237 (4th Cir. 2011).  As all of Petitioner's prior convictions are from South Carolina, Simmons is inapplicable to Petitioner's case.

6.	Prosecutorial Misconduct.
	Ms. Carrie Sherard and the Probation Office allowed into my sentence report information
	that was not proven to her.

Initially, Petitioner contends that he is entitled to resentencing under the Fair Sentencing Act.

The Government disagrees.  Because Petitioner was sentenced to the mandatory minimum in his

case, he is not entitled to a resentencing hearing. The presentence report found Petitioner responsible

for approximately 195 grams of crack cocaine. He also had a prior felony drug conviction. Under

post-FSA law, Petitioner would face the same statutory mandatory minimum. Specifically, post-FSA

drug charges involving at least 28 grams of crack cocaine require a mandatory minimum of 120

months imprisonment when the defendant has a prior felony drug conviction. See 21 U.S.C. §

841(b)(1)(B). The Court notes that Petitioner was allowed to plead to the lesser included offense of

Count 1 of the Indictment.  Accordingly, Petitioner has already received the benefit of the Fair

Sentencing Acts lower statutory penalties.  Petitioner, therefore, is not entitled to any relief on this

claim.

The Government also notes that this claim was not raised on direct appeal. Thus, the claim

has been procedurally defaulted. See Bousley v. United States, 523 U.S. 614, 622 (1998) ("Where

a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may

be raised in habeas only if the defendant can first demonstrate either cause and actual prejudice, or

that he is actually innocent."). Petitioner has not demonstrated and cause and prejudice or that he is

actually innocent.

Additionally, Petitioner contends that he received ineffective assistance of counsel.

Specifically, Petitioner contends that his attorney (1) failed to dismiss the indictment; (2) failed to

challenge the conspiracy charge; and (3) failed to challenge the testimony of government witnesses.

The Government asserts that each of Petitioner's complaints is without merit.

In order to prevail on a claim of ineffective assistance of counsel, a defendant must prove two things: one, that counsel's performance fell below an objective standard of reasonableness; and two, that counsel's deficiencies prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687-692, 104 S.Ct. 2052, 2063-67 (1984). A defendant asserting an ineffective assistance of counsel claim must satisfy both prongs, and a failure of proof on either prong ends the matter. U.S. v. Roane, 378 F.3d 382, 404 (4th Cir. 2004) (citing Williams v. Kelly, 816 F.2d 939, 946-47 (4th Cir.1987)).

Under the first prong of Strickland, we apply a "strong presumption" that a trial counsel's strategy and tactics fall "within the wide range of reasonable professional assistance." Id. (citing Strickland, 466 U.S. at 689). For a lawyer's trial performance to be deficient, his errors must have been so serious that he was not "functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. (citing Strickland at 687). The reasonableness of a lawyer's trial performance must be "evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances, and the standard of reasonableness is highly deferential." Id. (citing Kimmelman v. Morrison, 477 U.S. 365, 381 (1986); Strickland, 466 U.S. at 689).

In order to establish prejudice under Strickland 's second prong, a defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. A reasonable probability is a "probability sufficient to undermine confidence in the outcome." Id. In the context of a guilty plea, the prejudice prong is satisfied where there "is a reasonable probability that, but for counsel's errors, [the defendant] would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). The first inquiry--whether counsel's performance was deficient -- may be by-passed if the claim is more easily disposed on the ground of lack of prejudice. Strickland 466 U.S. at 697.

The reviewing court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 690. Further, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . .." Id. at 689. As the Strickland Court observed:

> Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.

Id. at 689. (Citations omitted).

First, Petitioner complains that his attorney did not "dismiss the indictment." Only the Court has the authority to dismiss an indictment. No counsel alone has that authority. Petitioner contends that the indictment should have been dismissed because it did not contain all the necessary elements of the drug conspiracy under 21 U.S.C. § 846. Contrary to Petitioner's argument, the indictment satisfied the statutory requirements for drug conspiracies. "As a general proposition, an indictment is sufficient if it alleges an offense in the words of the statute, as long as the words used in the indictment fully, directly, and expressly without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offense." United States v. Rendelman, 641 F.3d 36, 44 (4th Cir. 2011) (internal quotation marks omitted). "More specifically, an indictment is legally sufficient (1) if it alleges the essential elements of the offense, that is, it fairly informs the accused of what he is to defend; and (2) if the allegations will enable the accused to plead an acquittal or conviction to bar a future prosecution for the same offense." Id. (quoting United States v. Brandon, 298 F.3d 307, 310 (4th Cir. 2010)). The Government must prove three elements for a drug conspiracy: "(1) an agreement between two or more persons to engage in conduct that violates a federal drug law . . . ;

(2) the defendant's knowledge of the conspiracy; and (3) the defendant's knowing and voluntary participation in the conspiracy." United States v. Hickman, 626 F.3d 756, 763 (4th Cir. 2010) (internal quotation marks omitted). Here, the indictment tracked the relevant statutory language and contained the necessary elements of the offense. Moreover, Petitioner has failed to even allege or describe what part or portion of the indictment or elements he contends was missing. After careful review and consideration, the Court finds this claim to be without sufficient legal merit.

Second, Petitioner contends that his attorney erred by not "challenging" the conspiracy offense. Petitioner's allegations ignore the depth of the Government's drug case against him. As noted in the presentence report, the Government had evidence from numerous historical witnesses that Petitioner was involved in the distribution of crack cocaine. These witnesses stated at a minimum that Petitioner was responsible for approximately 195 grams of crack cocaine. Moreover, they further indicated that Petitioner worked with his mother (also his co-defendant) in distributing crack cocaine. Also, Petitioner admitted his involvement in a letter to the Government. See also Affidavit of Wells Dickson at ¶ 15. Thus, contrary to Petitioner's contention, the Government prosecuted him not for a single isolated act, but for his continued involvement in the drug distribution ring. As Petitioner cannot demonstrate any prejudice from the alleged failure to "challenge" the conspiracy, the Court finds this claim to be without sufficient legal merit.

Third, Petitioner contends that his counsel was ineffective for failing to "challenge" the testimony of government witnesses. It is unclear what specifically Petitioner wanted his attorney to do and what, if any, evidence would have resulted from challenging the testimony of proposed Government witnesses. The Government indicates that it provided defense counsel with the complete discovery in this case. As for any prejudice resulting from the alleged failure to challenge the testimony of the Government's witnesses, Petitioner merely states that his sentence was enhanced

for drug weights provided by Government witnesses that were not proven beyond a reasonable doubt. Petitioner's allegation, therefore, must be denied because the drug weights attributable to him in the presentence report were properly calculated and relied upon by the Court at sentencing. Drug weights used to calculate the advisory sentencing guidelines need only be proven by a preponderance of the evidence standard. See United States v. Battle, 499 F.3d 315, 322-23 (4th Cir. 2007) ("When applying the guidelines in an advisory manner, the district court can make factual findings using the preponderance of the evidence standard."). Had defense counsel objected and challenged the drug weight at sentencing, this Court would have had ample evidence to support the conservative numbers used in the presentence report. It also bears noting that Petitioner faced a mandatory minimum sentence of 120 months. Thus, even if the drug weight had been reduced, Petitioner still could not have received a sentence below 120 months imprisonment.

With regards to Petitioner's ineffective assistance if counsel claims, this Court has carefully considered each of Petitioner's claims for relief as asserted in his Supplement to his Petition.   This Court is not sufficiently persuaded that Petitioner has satisfied either of the Strickland prongs in relation to any of his asserted grounds for relief.  In each instance Petitioner has made an assertion that counsel has failed to do something that Petitioner feels he should have done, but he has not shown that counsel's performance fell below an objective standard of reasonableness, much less that any deficiency in counsel's representation resulted in prejudice to Petitioner

Next, Petitioner contends that his rights under the Fifth Amendment were violated. Petitioner fails to develop this argument in his motion beyond simply stating that his sentence was enhanced by facts not set forth in the indictment. It is well settled that for purposes of calculating the advisory sentencing guidelines, the Government may offer relevant conduct evidence beyond the indictment. See U.S.S.G. § 1B1.3 (setting forth the relevant conduct provisions of the sentencing guidelines).

And as noted above, Petitioner faced a mandatory minimum sentence of 120 months imprisonment. After working through the various objections raised by defense counsel, Petitioner's advisory guideline range was 120 months. See Doc. # 529, pps. 3-9. Even if defense counsel had prevailed on any sentencing objections, the advisory guideline range would have remained around 120 months imprisonment because of the mandatory minimum. The Court finds this claim to be without merit.

Lastly, Petitioner alleges prosecutorial misconduct with respect to the filing of the 21 U.S.C. § 851 enhancement. The Fourth Circuit has stated that: "[t]he test for reversible prosecutorial misconduct generally has two components:...(1) the prosecutor's remarks or conduct must in fact have been improper, and (2) such remarks or conduct must have prejudicially affected the defendant's substantial rights...". United States v. Chorman, 910 F.2d 102, 113 (4th Cir. 1990)(internal quotations and citations omitted). Accordingly, Petitioner must show improper conduct on the part of the Government and that he was prejudiced by such conduct.

In his claim for prosecutorial misconduct, Petitioner contends that he does not have a prior conviction from 2008 for possession of crack cocaine. Contrary to Petitioner's assertion, the U.S. Probation Office and the U.S. Attorney's office received certified copies of Petitioner's prior conviction. See Certified Copy of Conviction, Attached to the Government's Memorandum in support of its Motion for Summary Judgment. Moreover, Petitioner was given the opportunity to challenge this prior conviction at sentencing, but he did not. See Doc. # 529, pps. 17-18. Instead, Petitioner admitted he had been convicted of this offense. Id. Petitioner has submitted what he purports to be a letter from a court reporter stating that there was no record of him appearing in court in September 2008. (Doc. # 524, p. 3). This is in direct conflict with the evidence. It also bears noting that the sentencing sheet does not list "Hattie Gordon" as the court report for his September 24, 2008 conviction. See Certified Copy of Conviction, Attached to the Government's Memorandum

in support of its Motion for Summary Judgment. Thus, after careful review and consideration, the Court finds Petitioner's prosecutorial misconduct claim to be without sufficient legal merit.

## CONCLUSION

For the foregoing reasons, Petitioner's motion for relief pursuant to 28 U.S.C. § 2255 is **DENIED** (Doc. # 505) and the Government's motion for summary judgment is **GRANTED**. (Doc. # 545). This action is hereby **DISMISSED**.

The Court has reviewed this petition in accordance with Rule 11 of the Rules Governing Section 2255 Proceedings. The Court concludes that it is not appropriate to issue a certificate of appealability as to the issues raised herein. Petitioner is advised that he may seek a certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.[3]

**IT IS SO ORDERED**.

s/Terry L. Wooten
TERRY L. WOOTEN
United States District Judge

September 26, 2012
Florence, SC

---

[3]The Court notes that Petitioner has filed a motion for production of transcripts and case files at Government Expense pursuant to 28 USC 753 and 18 USC 3006A. After careful review and consideration, this request is **DENIED**. (Doc. # 552).

Additionally, Petitioner has filed a "Motion 28 U.S.C. to Modify, Reduce, and/or Vacate Sentence by (Depierre Claim)." After careful review and consideration, the Court finds this motion to be without sufficient legal merit. Accordingly, Petitioner's motion is **DENIED**. (Doc. # 573).